# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-50497
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALEXANDER RAMOS-MARTINEZ,

Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-106-1

———

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Alexander Ramos-Martinez challenges the sentence imposed for his guilty plea conviction for illegal reentry into the United States. He argues that the within-guidelines sentence of 16 months of imprisonment and one year of supervised release was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and therefore is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50497

Because Ramos-Martinez did not object to the reasonableness of his sentence in the district court, we will review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Ramos-Martinez notes that there is a circuit split on the issue whether the failure to object to the reasonableness of a sentence requires plain error review, and he raises the issue to preserve it for further review.

To demonstrate plain error, Ramos-Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because the sentence falls within the properly calculated advisory guidelines ranges, it is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Ramos-Martinez argues that the sentence imposed for his illegal reentry offense should not be accorded a presumption of reasonableness because the applicable Guideline, U.S.S.G. § 2L1.2, is not empirically based. However, he concedes that his argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He raises the issue to preserve it for further review.

In previous cases, we have rejected the arguments that Ramos-Martinez raises on appeal. We have not been persuaded by the contention that § 2L1.2's lack of an empirical foundation necessarily renders its application unreasonable. *See Mondragon-Santiago*, 564 F.3d at 366-67. Nor have we been persuaded that the offense of illegal reentry is treated too harshly under § 2L1.2 because it is in essence an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have rejected the

No. 17-50497

contention that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31. Further, Ramos-Martinez's contention that his allegedly benign motives for returning to the United States warranted a lesser sentence is unavailing. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). His arguments amount to a request for this court to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).

Ramos-Martinez has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. Accordingly, the judgment of the district court is AFFIRMED.